Catron, Ch. J.
delivered the opinion of the court.
Judgment was had in the circuit court by motion, on a delivery bond. The proceedings were in conformity to the act of 1829, ch. 51.
*199 An appeal in the nature of a writ of error was prosecuted to this court; on allowing the same, a bond with security was taken with the following condition: if the said L. H. Brown &e. “shall well and truly prosecute said appeal with effect, or in case of failure therein, pay and satisfy all costs and damages that may be awarded against him for wrongfully prosecuting said appeal, then the obligation to be void.”
It is now moved for judgment against the securities .to the bond.
1. The motion is resisted, for that the bond is void, not having pursued any statute in force. It is in pursuance of the act of 1811, ch. 72, sec. 11; but it is contended the act of 1827, ch. 72, repealed the former act, as to cases embraced by the latter. To compare them, the nature of an appeal in the nature of a writ of .error must be looked to. Such mode of redress is unknown to the common law, and was introduced into our system of administering justice by the act of 1811, by which the inferior court was directed to allow the appeal, and required on doing so to take bond with sufficient security from the appellant, that he would prosecute his appeal with effect, or in case he failed therein, pay and satisfy all damages and costs, which might be awarded against him for wrongfully prosecuting the appeal.
The law is general and applies to cases like the present. Security could only be required for damages and costs. The act of 1827, ch. 72, provides, that on appeals in the nature of a writ of error, in all actions founded on bonds for the payment of money, &c. taken from an inferior to a superior jurisdiction, the securities of the party appealing shall be bound for the payment of the whole debt, damages and costs; and for the satisfaction of the judgment of the superior court, where said cause may be finally tried and determined.
The motion in the circuit court on the delivery bond, was an action, within the meaning of the act; and it was *200 founded on a bond for the payment of money: being con- , _ _. . 1 J , , , , ditioned, to deliver the property at the day and place of sale to satisfy the execution, or to pay and satisfy the debt, interest and costs.
The appeal bond pursues the act of 1827, in part, so far as it binds the securities for damages and costs; but it does not bind them for the principal debt. For so much as it covers, no doubt it is a good bond at common law. Johnson v. Laserie, 2 Ld Ray. 1459. Nichol and M’Allister v. M’Combs, 2 Yerg. R. 83. Can judgment be rendered upon it by motion: being in conformity to the statute to the extent of its obligatory force, no reason is seen to the contrary, and so is the case cited from Yer-ger’s Reports; and so this court directed judgment to be rendered at a previous term in the cause of Terry v. Boyd, folio M. 386.
' It is insisted the case in Yerg. Rep. 83 is overruled by that of Parsons v. Jones, same book 321. In each cause the question arose on an appeal bond from a verdict on the merits, attempted to be taken, in conformity to the act of 1794 s. 63. The act requires the appellant to enter bond with two securities for prosecuting the appeal with effect, and for performing the judgment which the superior court shall pass or make thereon, in case the apjiellant shall have the cause decided against him. The bond in Parsons v. Jones did not covenant that Vance should prosecute his appeal with effect, or that he would perform the judgment of the circuit court, should the cause be decided against him. It was decided against Vance, and the motion attempted to subject Parsons and Blair, the securities, for the principal debt. To have done so, would have been framing the obligation by the court, and construing the securities into liability. The bond was not in part covered by the act of 1794: that in Nichol and M’Allister v. M’Combs covenanted that the appeal should be prosecuted with effect, by the appellant, and in case of failure he should pay all costs and damages, adjudged *201 against him. As to the costs and damages, the bond was declared to be covered by the act of 1794, and for so much, judgment was given against the securities. The principle there assumed, applies with conclusive force to the motion before the court. In this case, there can be no doubt that the bond as to damages and costs, pursues the act of 1827.
It is next objected, that the bond covers only costs, the appellant being subject to no damages, interest after the rate of twelve and one half per centum per annum not being damages within the meaning of the acts of assembly: that the act of 1809, ch. 49, sec. 27, fixed 12 1-2 per cent, on the amount of the judgment, regardless of the time the suit might have been pending, as the measure of damages for wrongfully prosecuting an appeal in error: and that the act of 1823, ch. 54, s. 3. repealed the act of 1809, by providing that when the judgment of the inferior court should be affirmed, “the defendant in error should recover in addition to the judgment in the court below, at the rate of twelve and one half per cen-tum per annum interest thereon, up to the time of the rendition of the judgment in the court above.” The act of 1823 applies to all cases at law brought from the circuit courts to the supreme court where the judgment is for money, and affirmed. If there be no damages imposed by the act of 1827, then the bond taken where a. super-sedeas is granted by a judge out of court, only covers costs; and bonds providing for the recovery of damages are for so much void. We have no doubt the interest, after the rate of twelve and one half per centum per an-num, is damages within the meaning of the acts of assembly. It would be difficult to say ordinary interest after the rate of six per centum per annum was not: we understand the court to have said in Nichol and M'Allister v. M’Combs, it was damages.
The next point presented is, that Lewis H. Brown, one *202 of the plaintiffs in error, has died since the cause has been pending in this court. His death has been suggested; also that he has no administrator, and the defendant in error has elected to proceed against the surviving plaintiffs in error.
Rivers for plaintiff in error,
J. S. Yerger for defendant.
This is warranted by the act of 1825, ch. 65, s. 3. Judgment will be rendered in affirmance of that given below, against the surviving plaintiffs in error; and against them, with the securities to the appeal bond, for interest after the rate of 12 1-2 per centum per annum from the time of the rendition of the judgment in the court below to this time, as also for the costs occasioned by the appeal in error.
Judgment affirmed.